**Surinder KAUR, Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–2195–ag.

United States Court of Appeals, Second Circuit.

Aug. 30, 2006.

Surinder Kaur, Flushing, New York, for Petitioner, pro se.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neal B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Surinder Kaur, *pro se,* petitions for review of the BIA's denial of her motion to reopen her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of

the case, and note that only the denial of the motion to reopen is under review because that is the only decision from which Kaur filed a timely petition for review. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur*, 413 F.3d at 233; *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Kaur's motion. "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Kaur's motion failed to meet these requirements because it was not supported by any documentary evidence. Furthermore, the IJ acted reasonably in holding that Kaur's evidence failed to establish a *prima facie* case because changed country conditions do not undermine the IJ's adverse credibility determination. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).